IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAVEN OCTAVIA SUTTER,

          Plaintiff,

v.                                               Case No. 22-1257-JWB

JAMES TYLER FINCHER,

          Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant's motion to dismiss. (Doc. 8.) Plaintiff has failed to file a response and the time for doing so has expired. For the reasons stated herein, the motion to dismiss (Doc. 8) is TAKEN UNDER ADVISEMENT.

**I.**     **Facts and Procedural History**

Plaintiff worked for Fat Ernie's Family Dining ("Fat Ernie's") beginning on or about September 16, 2020.[1] (Doc. 1-1 at 1.) Plaintiff is a female and identifies her disability as dwarfism. (Doc. 1 at 3.) It is unclear what position Plaintiff held,[2] although she alleges that she asked many times to become a cook and was told she was too short and would not be able to reach the boxes for takeout. (*Id.* at 3–4.) Plaintiff alleges that coworkers in the same position as her, but who were hired after her, were paid more, given more or preferential hours to work, and given the position she was promised when she was hired.[3] (*Id.* at 4.)

---

[1] Plaintiff also states in her complaint that the alleged discrimination occurred "July 2019 – September 2020 then December 2020 – June 2021." (Doc. 1 at 2.) The factual allegations in Plaintiff's charge of discrimination begin: "I was hired by the above-named employer on or about September 16, 2020." (Doc. 1-1 at 1.) Because the charge is more specific, the court uses that date.
[2] Plaintiff later notes that she worked in the kitchen. (Doc. 1 at 4.)
[3] Plaintiff explains that the coworkers were "given the hours and position I was promised an [sic] [h]ired for." (*Id.*)

Plaintiff alleges that Defendant[4] misclassified her as an independent contractor rather than an employee, did not report her hours or wages, and did not withhold taxes from her paychecks. (*Id.*) She was the only female who worked in the kitchen, and she was paid the least. (*Id.*) Further, when conflicts arose at work, including when other workers were harassing Plaintiff, no one disciplined those workers.[5] (*Id.* at 3–4.) After Plaintiff was terminated, Defendant lied to government agencies and said that Plaintiff never worked for him. (*Id.* at 3.)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 21, 2022. (*See* Doc. 1-1.) On the charge form, Plaintiff indicated that she believed she was discriminated against based on disability, sex, and regarding equal pay. (*Id.*) She also mentions harassment in her narrative account of the facts. (*Id.*) Her charge was filed against Fat Ernie's and does not name any individual employee or owner. (*Id.*) The EEOC issued a right-to-sue letter on August 17, 2022. (Doc. 1-2.)

Plaintiff filed this complaint, proceeding pro se, on November 15, 2022, against James Tyler Fincher but not against Fat Ernie's. (Doc. 1.) In her complaint, Plaintiff brings claims under both Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). (*Id.* at 1.) Additionally, Plaintiff indicates that she is bringing claims of misclassification, hostile work environment, tax fraud and evasion, unemployment fraud, and perjury. (*Id.* at 2.) Defendant subsequently filed the instant motion to dismiss. (Doc. 8.)

## II. Standard

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Archuleta v.*

---

[4] Plaintiff's allegations refer to "him" and "he," which the court takes as references to Defendant, the man the lawsuit is directed towards.
[5] Plaintiff does not indicate whether she was disciplined related to these incidents.

*Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Id.*  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

On a Rule 12(b)(6) motion, the court generally should not look to matters outside the pleadings.  *Promotional Headwear Int'l. v. Cincinnati Ins. Co.*, 504 F. Supp. 3d 1191, 1196 (D. Kan. 2020).  "However, the Court may consider documents that are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity."  *Id.* (considering insurance policy attached to complaint).  Because Plaintiff attached her charge of discrimination and right-to-sue letter to her complaint, the court may consider them.

The court is required to liberally construe Plaintiff's pleadings because she proceeds pro se.  *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

**III.   Analysis**

Defendant's memorandum in support of his motion to dismiss raises four arguments: (1) Plaintiff cannot bring a claim against an individual under Title VII; (2) Plaintiff cannot bring a claim against an individual under the ADA; (3) Plaintiff has failed to exhaust administrative remedies on her other claims or has failed to plausibly plead those claims; and (4) Plaintiff's claims are untimely because Plaintiff's charge was not filed until 301 days after the last alleged discriminatory act. (Doc. 8.)  The court does not need to address each of these arguments to resolve the motion.

The Tenth Circuit "has repeatedly held 'that personal capacity suits against individual supervisors are inappropriate under Title VII,' which is directed, rather, to the plaintiff's employer." *Lewis v. Four B Corp.*, 211 F. App'x 663, 665 (10th Cir. 2005) (quoting *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996)); *see also Humes v. BSE Enters.*, Case No. 13-2110-JAR-JPO, 2013 WL 3991791, at *1 (D. Kan. Aug. 2, 2013). Plaintiff has only named Defendant in this lawsuit and has not named Fat Ernie's. Defendant cannot be sued in his personal capacity under Title VII.[6] Plaintiff's claim under Title VII against Defendant in his personal capacity is improper.

Similarly, suits against individuals in their personal capacity are not permissible under the ADA. *Hinson v. U.S.D. No. 500*, 187 F. Supp. 2d 1297, 1311 (D. Kan. 2002) ("The court further notes that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.") (citing *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999)). Plaintiff's claim under the ADA against Defendant in his personal capacity is improper.

The remaining claims pleaded are claims of misclassification, hostile work environment, tax fraud and evasion, unemployment fraud, and perjury. Plaintiff makes a few sparse factual allegations to support these claims, such as indicating that the owner of Fat Ernie's told her she was an independent contractor ("1099") when she was an employee and did not withhold taxes. But even liberally construing Plaintiff's allegations, viewing the factual allegations in Plaintiff's favor, and drawing reasonable inferences in Plaintiff's favor, Plaintiff has failed to plausibly state a claim which would entitle her to relief. Plaintiff must set forth the facts which show that she is entitled to relief for these various claims, and she has failed to do so.

---

[6] Plaintiff does not indicate that she is bringing suit against Defendant in his official capacity as her supervisor or as alter-ego for the employer, Fat Ernie's.

### IV. Conclusion

For the reasons stated herein, Defendant's motion to dismiss (Doc. 8) is TAKEN UNDER ADVISEMENT. Because Plaintiff proceeds pro se, the court grants Plaintiff leave to amend her complaint if there are any claims which Plaintiff brought in her charge of discrimination and which Plaintiff can support with sufficient factual allegations to state a plausible claim for relief. Plaintiff is granted 21 days from the date this order is entered to file her first amended complaint. If Plaintiff fails to timely file a first amended complaint, the case will be dismissed in its entirety. If Plaintiff timely files a first amended complaint, Defendant or any other responding party will have the opportunity to file a second motion to dismiss if appropriate.

IT IS SO ORDERED this 14th day of March, 2023.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE