# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RAVEN OCTAVIA SUTTER,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 22-1257-JWB-GEB |
| **JAMES TYLER FINCH,** | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on Plaintiff Raven Octavia Sutter's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel ("Motion") (**ECF No. 16**). For the reasons outlined below, Plaintiff's Motion is **DENIED** without prejudice as to refiling.

For parties who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[1] However, there is no constitutional right to counsel in a civil action.[2] The Court, in its discretion, evaluates multiple factors when deciding whether to request an attorney for an indigent party.[3] In *Castner v. Colo. Springs Cablevision*,[4] the Tenth

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

[2] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).

[3] *Jackson*, 2014 WL 494789, at *1.

[4] *Castner*, 979 F.2d at 1422.

Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel.

The Court's appointment power must be thoughtfully and prudently used so willing counsel may be located,[5] but consideration of the increase in pro se filings and the limited number of attorneys willing to accept pro bono appointment is very important.[6] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[7]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis – she is unable to afford counsel, as established in her financial affidavit and the Court's order granting her motion to proceed *in forma pauperis.*[8]

Plaintiff has searched for counsel. Her Motion includes the names and contact information for four attorneys and two entities she contacted in her search for representation.[9] Because Plaintiff has not yet heard back from all of the attorneys contacted,

---

[5] *Castner*, 979 F.2d at 1421.
[6] *Jackson,* 2014 WL 494789, at *3.
[7] *Id.,* at *2.
[8] ECF No. 4.
[9] According to Plaintiff's Motion, she contacted 4 attorneys. She also contacted the Kansas Bar Association Lawyer Referral Service and Kansas Legal Services.

it seems possible a continued search for an attorney to take on her case may prove successful. The Court is hopeful with additional time and diligence, Plaintiff may secure an attorney to represent her.

The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim. Defendant filed a Motion to Dismiss.[10] Plaintiff filed suit against the wrong party. Her charge with the EEOC was filed against Fat Ernie's Family Diner, where she was employed, and does not name any individual employee or owner.[11] Plaintiff's Complaint does not name Fat Ernie's Family Diner, but instead names James Tyler Fincher as Defendant.[12] Judge Broomes took the Motion to Dismiss under advisement.[13] However, he found suits against individuals in their personal capacity are not permissible under the ADA or Title VII[14] and found the "few sparse factual allegations" Plaintiff included in her complaint do not show she is entitled to relief on her claims of misclassification, hostile work environment, tax fraud and evasion, unemployment fraud, and perjury.[15] Nonetheless, Judge Broomes gave Plaintiff 21 days from the date of the order to file an amended complaint "if there are any claims which Plaintiff brought in her charge of discrimination and which Plaintiff can support with sufficient factual allegations to state a plausible claim for relief,"[16] but warned if "Plaintiff fails to timely file a first amended

---

[10] ECF No. 8.
[11] ECF No 1-1.
[12] ECF No. 1.
[13] ECF No. 15 at 4.
[14] ECF No. 15 at 4.
[15] *Id.*
[16] *Id.* at 5.

complaint, the case will be dismissed in its entirety."[17] Where Plaintiff has not yet filed an amended complaint, the undersigned Magistrate Judge cannot assess whether any amended complaint filed would state a valid claim. However, the Court knows Plaintiff waited until the day before an amended complaint was due to file the current motion. If she does not file an amended complaint, her case will be dismissed in its entirety.

Plaintiff fails the fourth factor -- the plaintiff's capacity to prepare and present the case without the aid of counsel, at this time. Plaintiff's case is not unusually complex and there is no indication, at least in this early stage of litigation, Plaintiff cannot adequately represent herself. Thus far, Plaintiff's filings reflect some understanding of court rules and procedures, and the relevant law. The Court is cognizant, "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[18] as the case moves forward. Postponing a decision to appoint counsel at this early stage allows the Court to gain more information about both the merits of Plaintiff's claims and her ability to present this case to the Court.[19] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[20]

---

[17] *Id.*
[18] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[19] *Id*.
[20] *Zillner v. Brennan*, No. 15-9904-DDC, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

For the reasons outlined above, **IT IS ORDERED** Plaintiff Raven Octavia Sutter's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (**ECF No. 16**) is **DENIED without prejudice as to refiling** should her case continue to go forward.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of April 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge