IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAVEN OCTAVIA SUTTER,

    Plaintiff,

v.                Case No.  22-1257-JWB


FAT ERNIE'S FAMILY DINING, INC.,

    Defendant.

### MEMORANDUM AND ORDER

This matter comes before the court on Defendant's motion to dismiss.  (Doc. 30.) Defendant has filed a memorandum in support of the motion to dismiss.  (Doc. 31.)  The time for Plaintiff to file a response has expired and thus the motion is fully briefed.  For the reasons stated herein, Defendant's motion is GRANTED.

### I.  Facts and Procedural Background

The court set out the facts of this case in more detail in its previous order.  (Doc. 15 at 1– 2.)  Plaintiff has since filed an amended complaint, as she was directed to do in the court's previous order.  (*Id.* at 5.)  Plaintiff does not attach her charge of discrimination to her amended complaint, so the amended complaint contains fewer factual allegations than her original complaint.  (*See* Doc. 18.)

As best as the court can understand, Plaintiff alleges that she was hired by Defendant and after she was hired, the position and hours she was promised were given to a male who was paid more than Plaintiff, a female.  (*Id.* at 3–4.)  Plaintiff also inquired about being promoted to cook, but she alleges that Defendant told her she was too short, and she could not reach the takeout boxes.  (*Id.* at 4.)  Plaintiff identifies her disability as dwarfism.  (*Id.* at 3.)  Plaintiff concedes in

her amended complaint that she did not request an accommodation because she has learned to improvise. (*Id.* at 4.) Plaintiff checks several boxes on her amended complaint related to the nature of her complaint, indicating that she was terminated, that Defendant failed to promote her, that Defendant failed to accommodate her, that the terms and conditions of her employment differed from those of similar employees, and that her wages were reduced. (*Id.* at 3.)

Plaintiff asserts that her suit is based on Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). (*Id.* at 1.) Plaintiff additionally asserts that she is bringing claims under state laws and IRS codes. (*Id.* at 2.) Plaintiff states that these claims are failure to properly track and record hours worked, failure to withhold and report wages properly, and misclassification as an independent contractor. (*Id.* at 3.) She seeks "benefits, overtime pay, insurance, vacation pay, bonuses" and wages she believes she was deprived of during her employment going forward until she finds gainful employment. (*Id.* at 5.)

Plaintiff originally brought suit against James Tyler Fincher, an individual. Fincher moved to dismiss and the court took the motion under advisement, directing Plaintiff to file an amended complaint. After Plaintiff filed the amended complaint, Fincher was dismissed from the case and replaced by the current Defendant. Defendant now moves to dismiss.

## II.      Standard

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Id.* Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

The court is required to liberally construe Plaintiff's pleadings because she proceeds pro se. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

**III.     Analysis**

Defendant offers three arguments in support of its motion to dismiss: (1) Plaintiff's Title VII and ADA claims are not timely; (2) Plaintiff fails to offer enough factual allegations to support a plausible claim for violations of state law and IRS codes; and (3) Plaintiff fails to offer enough factual allegations to support a plausible claim for violations of Title VII and the ADA. (Doc. 31.) The court agrees with Defendant on arguments two and three and need not address the first argument.

First, the court has no way to discern what violations of state law and IRS code Plaintiff alleges. Plaintiff offers almost no facts to support these claims and does not even identify which state law or laws she thinks have been violated. Because there are no facts which the court can liberally construe, the court dismisses whatever state law and IRS code violations Plaintiff purports to bring.

As for the ADA and Title VII violations, the facts Plaintiff alleges to support these claims are that a male was hired after her and given the position and hours she desired for a higher rate of pay and that she was told she could not be promoted to cook because she was too short to reach the takeout boxes. Liberally construing Plaintiff's allegations, the court understands these claims as a sex discrimination claim and a disability discrimination claim. But Plaintiff's mere conclusory and vague allegations are insufficient to support these claims. The court cannot discern any facts

which indicate what the adverse action[1] was that relates to these two discrimination claims, such as if her employment was terminated because of her sex or disability.  Plaintiff is required to set out facts which show a plausible claim for relief, and she has not done so despite being given a chance to amend her complaint.  The court dismisses these claims.

**IV.      Conclusion**

For the reasons stated herein, Defendant's motion to dismiss (Doc. 30) is GRANTED.

IT IS SO ORDERED this 12th day of June, 2023.


       __s/ John W. Broomes_____
       JOHN W. BROOMES
       UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff checks several boxes on the complaint which seem to suggest that she was terminated and that she may be bringing a failure to promote claim.  But she offers no facts about a termination and only conclusory allegations about the failure to promote.  Further, Plaintiff checks a box for failure to accommodate, but then later concedes that she never requested an accommodation.